# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOAN RYAN,

        Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,

        Agency.

DOCKET NUMBER
PH-0752-13-0343-I-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Peter Broida</u>, Esquire, Arlington, Virginia, for the appellant.

<u>David Myers</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her initial appeal challenging the continuation of her indefinite suspension for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Familiarity with the underlying facts of this appeal is presumed. *See Ryan v. Department of Homeland Security*, 2014 MSPB 64, ¶¶ 2-3 (Ryan I). In the instant appeal, the appellant reasserts her challenge to her continued placement on indefinite suspension based upon the suspension of her security clearance. *See* Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 1; IAF, Tab 1. As a part of her prior appeal of her indefinite suspension, the appellant argued that she should be returned to duty following her acquittal on the criminal charges which served as the basis for the suspension of her clearance. *See Ryan I*, 2014 MSPB 64, ¶ 13. We rejected the appellant's argument, noting that the condition subsequent identified by the agency in its notice of indefinite suspension was a final determination on her access to classified information, and that, in the absence of the restoration of her security clearance, the Board is without the authority to order that the appellant be returned to duty. *Id.*, ¶ 14.

¶3        We find no reason to deviate from our prior decision. *See id.*, ¶¶ 14-15. The appellant's argument on review that the agency's delay amounts to a denial of due process does not change our analysis, *see* Petition for Review File, Tab 1

at 5, and the appellant has cited no support for her contention that the Board has the authority to order her restored based solely upon the amount of time that has elapsed since her acquittal, notwithstanding the fact that the agency has yet to decide whether to reinstate her access to classified information, *see Gargiulo v. Department of Homeland Security*, 727 F.3d 1181, 1186 (Fed. Cir. 2013) ("[E]mployees do not have constitutional due process rights in connection with security clearance determinations.").  As we explained in *Ryan I*, moreover, the Board cannot order an employee restored to a position requiring a security clearance when she does not possess such a clearance, and, absent some agency policy, statute, or regulation requiring the agency to consider reassigning the employee prior to indefinitely suspending her, "the Board has no role" in reviewing whether an employee should have been reassigned instead of receiving an adverse action.  *Ryan I*, 2014 MSPB 64, ¶ 9 (quoting *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1581 (Fed. Cir. 1989)).

¶4      We agree with the administrative judge that the Board is without jurisdiction over the appellant's instant appeal and that the appellant's appeal is premature.  ID at 3-4.  The administrative judge's initial decision is AFFIRMED.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.